# EXHIBIT A

### SETTLEMENT, RELEASE, AND COVENANT NOT TO SUE AGREEMENT

This Settlement, Release, and Covenant Not to Sue Agreement ("Agreement") is entered into by and among, on the one hand, MELANIE E. DAMIAN, solely in her capacity as RECEIVER of assets of Rajiv Patel, a/k/a Ravi Patel, a/k/a Raj Patel, RECEIVERSHIP ENTITY BLUPRINT, LLC, and, as Assignee of Claims of Kalpana Patel (collectively, "Receiver"), RAJENDRA K. BANSAL, RANISAUR LLC, SRINIVAS KAZA MD, LLC, ADVANCED IMAGING SPECIALISTS, P.A., NONA MINIMALLY INVASIVE SURGERY, PLLC, CHIRAG J. PATEL, KRISHMA PATEL, KISHORE DASS, individually and as trustee of the DASS FAMILY TENANCY BY THE ENTIRETIES TRUST DATED DECEMBER 14, 2006, SEEMA DASS, individually and as trustee of the DASS FAMILY TENANCY BY THE ENTIRETIES TRUST DATED DECEMBER 14, 2006, KDSD, LLC, MAJID RIZVI, and FARHAT RIZVI (collectively, "Investors," and, collectively with Receiver, "Plaintiffs"), and, on the other hand, TD Ameritrade, Inc. and Charles Schwab Futures and Forex LLC, f/k/a TD Ameritrade Futures & Forex, LLC (collectively, "Defendants"). Plaintiffs and Defendants are individually referred to as a "Party" or collectively referred to herein as the "Parties." Kalpana Patel and Jaiden Patel ("Patels") join certain parts of this Agreement where specifically designated.

### RECITALS

WHEREAS, Receiver filed an action in the United States District Court for the Southern District of Florida originally styled *Damian v. TD Ameritrade, Inc.*, Ancillary Case No. 9:23-cv-80503 (the "Receiver's Action");

WHEREAS, the Court in the CFTC's enforcement action captioned *Commodity Futures Trading Commission v. Bluprint LLC*, Civil Action No. 9:22-80092-CV-WM (S.D. Fla.) (hereinafter the "CFTC Proceeding") entered its *Agreed Order Approving Settlement Agreement and Bar Order* [CFTC Proceeding ECF No. 120] ("Bar Order"), in which the Court entered a bar order in favor of Kalpana Patel, her children, and her parents (as defined in the Bar Order);

WHEREAS, Defendants objected to the Bar Order insofar as it would preclude any future claims against the Patel family members who were account holders with Defendants related to the scheme alleged in the CFTC Proceeding and in the Receiver's action;

WHEREAS, the Court overruled Defendants' objections, but explained that nothing in the Bar Order shall prevent, preclude, bar, or enjoin Defendants from asserting certain limited defenses, affirmative defenses, and counterclaims pursuant to account agreements with Kalpana Patel and Jaiden Patel, as is more fully described in paragraph 5 of the Bar Order ("Bar Order Carve-Outs");

WHEREAS, the Court also limited Defendants to asserting the Bar Order Carve-Outs solely and exclusively against the Receiver in the Action, such that any and all Bar Order Carve-Outs could not be brought against Ms. Patel and/or her children, and further

decreed that the Receiver reserved all rights, defenses, affirmative defenses, and counterclaims to the Bar Order Carve-Outs, as is more fully set forth in the Bar Order;

WHEREAS, the Investors filed an action in the United States District Court for the Southern District of Florida originally styled *Bansal v. TD Ameritrade, Inc.*, Case No. 9:23-cv-81539 (the "Investors' Action");

WHEREAS, on or about May 20, 2024, the Receiver's Action and the Investors' Action were consolidated for all future purposes, with Case No. 23-cv-81539-WM designated as the lead case number in the consolidated action (hereinafter, with the Receiver's Action and the Investors' Action, the "Action");

WHEREAS, Plaintiffs asserted claims in the Action against Defendants as more fully described in the operative complaints in the Action;

WHEREAS, Defendants have denied the material allegations of Plaintiffs' complaints and have asserted defenses to Plaintiffs' claims in the Action, but did not assert any claims, counterclaims, crossclaims, or third-party claims in the Receiver's Action or the Investors' Action, including but not limited to the Bar Order Carve-Outs; and

WHEREAS, the Parties wish to resolve the dispute between them reflected in the Action, and all claims and causes of action between them, including, but not limited to the Bar Order Carve-Outs, now and forever;

WHEREAS, the Parties and the Patels wish to resolve all potential disputes among them that could be brought arising out of or relating to the CFTC Proceeding or the Action, including any claims that could be brought under or that relate to the Bar Order Carve-Outs;

NOW, THEREFORE, in consideration of the promises contained herein, the Parties, and the Patels where designated, agree as follows:

## **AGREEMENT**

1.  No Admission of Liability

    1.1  The Parties understand and agree that this Agreement is being entered into for the purpose of avoiding the costs and risks of litigation and amicably resolving all matters in controversy and disputes between them and all claims that Plaintiffs may have against Defendants asserted in the Action, and all claims Defendants could have asserted in the Receiver's Action or the Investors' Action, including the Bar Order Carve-Outs. The Parties and the Patels understand and agree that this Agreement is being entered into for the purpose of avoiding the costs and risks of litigation and amicably resolving all matters that could be in controversy and disputes that could arise between or among the Parties and the Patels arising out of or relating to the CFTC Proceeding or the Action, including any claims that could be brought under or that relate to the Bar Order Carve-Outs. The Parties

and the Patels understand and agree that nothing contained in this Agreement shall constitute or be construed as an admission of any liability of any kind by any Party or Patel or any of their current and former parent companies, subsidiaries, affiliates, shareholders, directors, officers, employees, representatives, agents, attorneys, successors, and assigns, all in their capacities as such.

2.  Settlement

2.1  Within 3 days of Plaintiffs' receipt of the Settlement Payment referenced and defined in paragraph 2.2 below, the Parties agree to the dismissal of the Action, with prejudice, by filing in the Action a fully executed Joint Stipulation for Dismissal with Prejudice substantially in the form attached hereto as Exhibit A. The Parties and the Patels acknowledge and agree that this Agreement is subject to the approval of the Court in the CFTC Proceeding, and therefore will not be binding until the court presiding over the CFTC Proceeding enters an order approving this Agreement ("Settlement Approval Order"), which the Parties agree to seek by filing a settlement approval motion within seven (7) days of execution of this Agreement by all the Parties and the Patels.

2.2  In consideration of the Parties' promises and obligations as set forth in this Agreement, Defendants agree to pay to Plaintiffs the sum of Seven Hundred and Fifty Thousand Dollars and no cents ($750,000.00) (the "Settlement Payment") via wire transfer to the Receiver within 21 calendar days after receipt of (a) a copy of the Settlement Approval Order, which has been entered on the docket in the CFTC Proceeding, (b) a properly executed IRS Form W-9 for the recipients of the Settlement Payment, and (c) complete wire instructions for payment of the Settlement Payment.

3.  Release; Covenant Not to Sue

3.1  Upon Plaintiffs' receipt of the Settlement Payment in cleared funds, and in consideration of Defendants' promises and agreements in this Agreement, Plaintiffs, individually and on behalf of all entities in which they have a legal or beneficial interest, their heirs, executors, and assignees, agents, and representatives, hereby knowingly, voluntarily, irrevocably, and unconditionally fully and forever release and discharge each and all of Defendants and their current and former parent companies, subsidiaries, affiliates, shareholders, directors, officers, employees, representatives, agents, attorneys, successors, and assigns, all in their capacities as such, with respect to any and all claims, demands, contracts, actions, suits, causes of action, costs, expenses, attorneys' fees, damages, judgments, orders, and liabilities of any kind or nature in law, arbitration, equity, or otherwise, whether now known or unknown, asserted or unasserted ("Claims"), which Plaintiffs now own or hold, or have at any time heretofore owned or held, or may hereafter claim to have held, against Defendants and their current and former parent companies, subsidiaries, affiliates, shareholders, directors, officers, employees, representatives, agents, attorneys, successors, and assigns, all in their capacities as such, that arise out of or relate to the Action, including, but not limited to, claims that involve or relate in any way to any such agreements, transactions, occurrences, events, facts, acts, or omissions, on or before

the last date of execution of this Agreement that arise out of or relate to the Action. Nothing in this paragraph affects the Parties' ability to enforce the terms of this Agreement.

3.2     Effective upon Plaintiffs' receipt of the Settlement Payment in cleared funds, the Parties and the Patels covenant not to sue or file any claim, counterclaim, crossclaim, third-party claim, action, complaint, charge, lawsuit, or arbitration, or initiate any proceeding whatsoever in any forum against any of the Parties or the Patels or their respective current and former parent companies, subsidiaries, affiliates, shareholders, directors, officers, employees, representatives, agents, attorneys, successors, assignors, and assigns, all in their respective capacities as such, as applicable, with respect to any and all claims, counterclaims, crossclaims, third-party claims, demands, contracts, actions, suits, causes of action, costs, expenses, attorneys' fees, damages, judgments, orders, and liabilities of any kind or nature in law, arbitration, equity, or otherwise, whether now known or unknown, accrued or unaccrued, asserted or unasserted, which the Parties or the Patels now own or hold, or have at any time heretofore owned or held, or may hereafter claim to have held, against each other that arise out of or relate to the Action or the CFTC Proceeding, including, without limitation to, the Bar Order Carve-Outs. Nothing in this paragraph affects the Parties' or the Patels' ability to enforce the terms of this Agreement, as applicable to them.

4.      Limited Confidentiality

4.1     After execution of the Agreement, the Parties and the Patels agree to limited confidentiality concerning the terms and conditions of the Agreement and the settlement negotiations and discussions at and after mediation (where applicable) (as provided for under Federal Rule of Evidence 408 and S.D. Fla. L.R. 16.2(g)(2)), which occurred prior to the execution of the Agreement. The Parties and the Patels shall be permitted to disclose the terms and conditions of the Agreement to their attorneys, and to their accountants for business or tax purposes, or as may be required by law or by order of or subpoena issued in any Court, tribunal, or other governmental or self-regulatory organization or body, and the Parties and the Patels may disclose this Agreement and its terms to the CFTC, investors, interested parties, and the court in the CFTC Proceeding to obtain the Settlement Approval Order from the court presiding over the CFTC Proceeding and in any other required filing in those proceedings, such as a Receiver's report, claim distribution document, or accounting. Except as otherwise permitted by the Agreement, after execution of the Agreement, the Parties and the Patels agree they will not make, or act in concert with others to make, any statements about the Agreement, or its terms, to the press, media, or on the internet, and the Parties and the Patels agree they will not make any disparaging or otherwise negative statements about each other or any aspect of their relationship with each other to the press, the media, or on the internet. The foregoing does not prohibit or restrict the Parties and the Patels from initiating communications with, cooperating with, or complying with, or responding to, any inquiry from, investigation by, or laws, statutes, rules, or regulations implemented by, any governmental authority including the Securities and Exchange Commission, the Commodity Futures Trading Commission, the Internal Revenue Service, the Financial Industry Regulatory Authority, or any other governmental

agency or self-regulatory organization or body regarding the Agreement, or its terms and conditions.

5. <u>Miscellaneous</u>

5.1 <u>Full agreement.</u>  The Parties and the Patels agree that this Agreement constitutes the entire agreement between and among the Parties and the Patels with respect to the subject matter of this Agreement and supersedes any prior agreements or understandings. This Agreement may be modified only by a written amendment signed by the party against whom enforcement is sought. This Agreement may be executed in counterparts, which, when taken together, shall constitute the entire agreement of the Parties and the Patels hereto.

5.2 <u>Representation and Warranty of Authority.</u>  The Parties and the Patels expressly represent and warrant to each other that they have the authority to execute this Agreement.

5.3 <u>Tax Consequences.</u> The Parties expressly acknowledge that no representations have been made to them by the other Party or by any of the Parties' respective legal counsel regarding the tax consequences or other legal implications of any payments made by Defendants under this Agreement.  It is expressly understood that any liability for federal, state, and local taxes remains their own. The Parties agree and understand that each Party shall comply with all legal requirements with respect to tax reporting and payment.

5.4 <u>No Other Representation.</u>  Each of the Parties and each of the Patels hereby acknowledges that he, she, or it has not relied upon any promise, representation, or warranty, other than those expressly contained in this Agreement, by any person or entity in deciding whether to enter into this Agreement.

5.5 <u>No Presumption Against Drafter.</u>  Each of the Parties and each of the Patels agrees that this Agreement is the product of negotiation; therefore, any rule that agreements are to be interpreted against the drafter, or similar rules of construction, is inapplicable to the interpretation of this Agreement.  Rather, this Agreement is to be neutrally interpreted so as to achieve its purpose.

5.6 <u>Provisions Severable.</u>  Each of the Parties and each of the Patels agrees that this Agreement is intended to be performed in accordance with, and only to the extent permitted by, all applicable laws, ordinances, rules, and regulations. If any provision of this Agreement, or the application thereof to any person or circumstances, shall for any reason and to any extent be invalid or unenforceable, the remainder of this Agreement, or the application of such provision to the unaffected persons or circumstances, shall not be affected thereby but rather shall be enforced to the greatest extent permitted by law.

5.7 <u>Integration.</u>  Each of the Parties and each of the Patels agrees that this Agreement is fully integrated, embodies all of the terms of the settlement and contains the entire agreement and understanding between and among the Parties and the Patels. The

Parties and the Patels have relied on the provisions specifically set forth herein and this Agreement fully supersedes any prior oral or written negotiations, proposed agreements, agreements, or understandings among the Parties, including the Patels.

5.8 No Assignment of Claims. Plaintiffs warrant that they have not previously assigned or otherwise transferred any claim released in this Agreement to any other person or entity. Defendants warrant that they have not previously assigned or otherwise transferred any claim, including, but not limited to the Bar Order-Carve Outs subject to the covenant not to sue in this Agreement to any other person or entity. The Patels warrant that they have not previously assigned or otherwise transferred any claim that is subject to the covenant not to sue in this Agreement to any other person or entity, other than the claims assigned to the Receiver in the "Assignment of Claims" that was part of the Patels' settlement with the Receiver [CFTC Proceeding ECF No. 102-1] and upon which the Receiver brought her claims, as assignee, in the Action.

5.9 Voluntary Agreement. Each of the Parties and each of the Patels has carefully read and fully understands all of the provisions of this Agreement, and agrees they are entering into this Agreement voluntarily and without coercion. Each of the Parties and each of the Patels further represents and warrants that he, she, or it is relying upon that Party's or Patel's own judgment and the advice of that Party's or Patel's own counsel and that no promises or representations have been made to induce that Party's or Patel's execution of this Agreement, except those as set forth herein.

5.10 Advice of Counsel. Each of the Parties and each of the Patels represents and warrants that he, she, or it enters into this Agreement with the opportunity to seek advice of that party's respective legal counsel. Each of the Parties and each of the Patels has carefully read and fully understands all of the provisions of this Agreement, and they agree that they are entering into this Agreement voluntarily and without coercion.

5.11 No Third-Party Beneficiary. Each of the Parties and each of the Patels agrees that this Agreement is not intended to be for the benefit of any third party, and no third party shall have the right to enforce any of the terms herein, excepting only that the entities and individuals described in paragraph 3 shall have the right to enforce the release and covenant not to sue as to that party in whose favor the release or covenant not to sue was granted.

5.12 Choice of Law and Forum. Each of the Parties and each of the Patels agrees that this Agreement shall be construed and interpreted in accordance with the laws of the State of Florida. Any dispute arising out of or relating to this Agreement, including the breach, termination, or validity thereof, shall be determined by the Court presiding over the CFTC Proceeding, which approved this Agreement pursuant to the retention of jurisdiction provision in the Settlement Approval Order. The prevailing party in any legal action initiated pursuant to this paragraph shall be entitled to their reasonable attorneys' fees, expenses, and costs incurred in connection with the enforcement of this Agreement.

     5.13 Enforceability. Each of the Parties and each of the Patels agrees that this Agreement is binding on, inures to the benefit of, and is enforceable by the Parties and the Patels hereto and their respective heirs, executors, administrators, personal representatives, successors, and assigns.

IN WITNESS WHEREOF, the Parties and the Patels hereto have caused this Settlement, Release, and Covenant Not to Sue Agreement to be executed.

Date: 10.10.2024

_____
MELANIE E. DAMIAN, solely in her capacity as RECEIVER of assets of Rajiv Patel, a/k/a Ravi Patel, a/k/a Raj Patel, RECEIVERSHIP ENTITY BLUPRINT, LLC, and as Assignee of Claims of Kalpana Patel

Date: _____

_____
RAJENDRA K. BANSAL, individually and as manager of RANISAUR LLC

Date: _____

_____
SRINIVAS KAZA MD, LLC
By: Srinivas Kaza, as manager

Date: _____

_____
ADVANCED IMAGING SPECIALISTS, P.A.
By: Madhavi Kaza, as president

Date: _____

_____
NONA MINIMALLY INVASIVE SURGERY, PLLC
By: Chetan Patel, as president

Date: _____

_____
CHIRAG J. PATEL

Date: _____

_____
KRISHMA PATEL

5.13 <u>Enforceability.</u> Each of the Parties and each of the Patels agrees that this Agreement is binding on, inures to the benefit of, and is enforceable by the Parties and the Patels hereto and their respective heirs, executors, administrators, personal representatives, successors, and assigns.

IN WITNESS WHEREOF, the Parties and the Patels hereto have caused this Settlement, Release, and Covenant Not to Sue Agreement to be executed.

Date: _____

_____
MELANIE E. DAMIAN, solely in her capacity as RECEIVER of assets of Rajiv Patel, a/k/a Ravi Patel, a/k/a Raj Patel, RECEIVERSHIP ENTITY BLUPRINT, LLC, and as Assignee of Claims of Kalpana Patel

Date: 10/9/2024

*Rajendra K. Bansal*
RAJENDRA K. BANSAL, individually and as manager of RANISAUR LLC

Date: 10/8/2024

*[signature]*
SRINIVAS KAZA MD, LLC
By: Srinivas Kaza, as manager

Date: 10/8/2024

*Madhavi Kaza*
ADVANCED IMAGING SPECIALISTS, P.A.
By: Madhavi Kaza, as president

Date: 10/8/2024

*Chetan J. Patel*
NONA MINIMALLY INVASIVE SURGERY, PLLC
By: Chetan Patel, as president

Date: 10/8/2024

*[signature]*
CHIRAG J. PATEL

Date: 10/8/2024

*krishma Patel*
KRISHMA PATEL

Date: 10/8/2024      *Kishore Dass*
KISHORE DASS, individually and as trustee of the DASS FAMILY TENANCY BY THE ENTIRETIES TRUST DATED DECEMBER 14, 2006

Date: 10/9/2024      *[signature]*
SEEMA DASS, individually and as trustee of the DASS FAMILY TENANCY BY THE ENTIRETIES TRUST DATED DECEMBER 14, 2006

Date: 10/9/2024      *[signature]*
KDSD, LLC
By: Seema Dass, as manager

Date: 10/9/2024      *[signature]*
MAJID RIZVI

Date: 10/9/2024      *[signature]*
FARHAT RIZVI

Date: _____
KAPLANA PATEL

Date: _____
JAIDEN PATEL

Date: _____
TD Ameritrade, Inc.
Charles Schwab Futures & Forex LLC,
f/k/a TD Ameritrade Futures & Forex LLC
By: Greg Scanlon
Their: Managing Director,
    Charles Schwab & Co., Inc.
    on behalf of TD Ameritrade, Inc. and
    Charles Schwab Futures and Forex LLC,
    f/k/a TD Ameritrade Futures & Forex,
    LLC

Date: _____

_____
KISHORE DASS, individually and as
trustee of the DASS FAMILY TENANCY
BY THE ENTIRETIES TRUST DATED
DECEMBER 14, 2006

Date: _____

_____
SEEMA DASS, individually and as trustee
of the DASS FAMILY TENANCY BY
THE ENTIRETIES TRUST DATED
DECEMBER 14, 2006

Date: _____

_____
KDSD, LLC
By:  Seema Dass, as manager

Date: _____

_____
MAJID RIZVI

Date: _____

_____
FARHAT RIZVI

Date: 10/17/2024

_____
~~KAPLANA PATEL~~
Kalpana

Date: _____

_____
JAIDEN PATEL

Date: _____

_____
TD Ameritrade, Inc.
Charles Schwab Futures & Forex LLC,
f/k/a TD Ameritrade Futures & Forex LLC
By:     Greg Scanlon
Their:  Managing Director,
        Charles Schwab & Co., Inc.
        on behalf of TD Ameritrade, Inc. and
        Charles Schwab Futures and Forex LLC,
        f/k/a TD Ameritrade Futures & Forex,
        LLC

Page 8 of 8

Date: _____.

KISHORE DASS, individually and as trustee of the DASS FAMILY TENANCY BY THE ENTIRETIES TRUST DATED DECEMBER 14, 2006

Date: _____

SEEMA DASS, individually and as trustee of the DASS FAMILY TENANCY BY THE ENTIRETIES TRUST DATED DECEMBER 14, 2006

Date: _____

KDSD, LLC
By:  Seema Dass, as manager

Date: _____

MAJID RIZVI

Date: _____

FARHAT RIZVI

Date: _____

KAPLANA PATEL

Date: 10/17/2024

JAIDEN PATEL

Date: _____

TD Ameritrade, Inc.
Charles Schwab Futures & Forex LLC,
f/k/a TD Ameritrade Futures & Forex LLC
By:     Greg Scanlon
Their:  Managing Director,
        Charles Schwab & Co., Inc.
          on behalf of TD Ameritrade, Inc. and
          Charles Schwab Futures and Forex LLC,
          f/k/a TD Ameritrade Futures & Forex,
          LLC

Date: _____.            _____
                                         KISHORE DASS, individually and as
                                         trustee of the DASS FAMILY TENANCY
                                         BY THE ENTIRETIES TRUST DATED
                                         DECEMBER 14, 2006

Date: _____             _____
                                         SEEMA DASS, individually and as trustee
                                         of the DASS FAMILY TENANCY BY
                                         THE ENTIRETIES TRUST DATED
                                         DECEMBER 14, 2006

Date: _____             _____
                                         KDSD, LLC
                                         By:  Seema Dass, as manager

Date: _____             _____
                                         MAJID RIZVI

Date: _____             _____
                                         FARHAT RIZVI

Date: _____             _____
                                         KAPLANA PATEL

Date: _____             _____
                                         JAIDEN PATEL

Date: _____             *Gregory M. Scanlon*
                                         _____
                                         TD Ameritrade, Inc.
                                         Charles Schwab Futures & Forex LLC,
                                         f/k/a TD Ameritrade Futures & Forex LLC
                                         By:     Greg Scanlon
                                         Their:  Managing Director,
                                                 Charles Schwab & Co., Inc.
                                                 on behalf of TD Ameritrade, Inc. and
                                                 Charles Schwab Futures and Forex LLC,
                                                 f/k/a TD Ameritrade Futures & Forex,
                                                 LLC

**Exhibit A**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:23-cv-81539-MATTHEWMAN

RAJENDRA K. BANSAL, *et al.*,

  Plaintiffs,

  v.

TD AMERITRADE, INC. and
CHARLES SCHWAB FUTURES AND
FOREX LLC f/k/a TD AMERITRADE
FUTURES & FOREX, LLC,

Defendants.
_____/

MELANIE E. DAMIAN, AS RECEIVER OF RAJIV PATEL,
a/k/a RAVI PATEL, a/k/a RAJ PATEL, AND OF
BLUPRINT, LLC, and MELANIE E. DAMIAN, RECEIVER,
as Assignee of Claims of KALPANA PATEL,

  Consolidated Plaintiff,

v.

TD AMERITRADE, INC. and
CHARLES SCHWAB FUTURES AND
FOREX LLC f/k/a TD AMERITRADE
FUTURES & FOREX, LLC,

Defendants.
_____/

**JOINT STIPULATION FOR DISMISSAL WITH PREJUDICE**

Plaintiff and Defendants, pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, stipulate and agree that: (i) the above-captioned consolidated action, including all claims and counterclaims asserted or that could be asserted therein, is voluntarily dismissed, with prejudice, with each party to bear its own costs and attorney fees; and (ii) no party to this

action is an infant, incompetent person for whom a committee has been appointed, or a conservatee, and no person not a party has any interest in the subject matter of this action.

Dated: _____, 2024.                    Respectfully submitted,

| | |
|---|---|
| */s/ Draft*<br>Kenneth Dante Murena, Esq.<br>Florida Bar Number 147486<br>kmurena@dvllp.com<br>Kristopher E. Pearson, Esq.<br>Florida Bar Number16874<br>kpearson@dvcattorneys.com<br>DAMIAN \| VALORI \| CULMO<br>1000 Brickell Avenue, Suite 1020<br>Miami, Florida 33131<br>Telephone: (305) 371-3960<br><br>*Counsel for Melanie E. Damian, Receiver for Rajiv Patel and Bluprint, LLC* | */s/ Draft*<br>Jeffery C. Schneider, Esq.<br>Florida Bar Number 933244<br>jcs@lklsg.com<br>Victoria J. Wilson, Esq.<br>Florida Bar Number 92157<br>vjw@lklsg.com<br>LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP<br>Miami Tower<br>100 SE 2nd Street, 36th Floor<br>Miami, FL 33131<br>Telephone: (305) 403-8788<br><br>*Counsel for the Investors* |
| */s/ Draft*<br>Elizabeth Davis, Esq.<br>elizabethdavis@dwt.com<br>Eric Bensky, Esq.<br>ericbenzky@dwt.com<br>DAVIS WRIGHT TREMAINE LLP<br>1301 K Street NW, Suite 500 East<br>Washinton, D.C. 20005<br>Telephone: (202)<br><br>*Counsel for TD Ameritrade, Inc. and Charles Schwab Futures & Forex, LLC* | Daniel Newman, Esq.<br>Florida Bar Number 962767<br>dan.newman@nelsonmullins.com<br>NELSON MULLINS<br>2 South Biscayne Boulevard, 21st Floor<br>Miami, Florida 33131<br>Telephone: (305)<br><br>*Co-counsel for TD Ameritrade, Inc. and Charles Schwab Futures & Forex, LLC* |

2